UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 8:22-cv-01349-JWH-KES | Date | September 6, 2022 |
|---|---|---|---|
| Title | *Danella Lugo v. Costco Wholesale Corporation, et al.* | | |

Present: The Honorable  JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: ORDER DENYING MOTION TO REMAND [ECF No. 13] (IN CHAMBERS)**

Before the Court is the motion of Plaintiff Danella Lugo to remand this case to Orange County Superior Court.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **DENIED**, for the reasons set forth herein.

**A.    Background**

This personal injury lawsuit against Defendant Costco Wholesale Corporation arises out of an incident that occurred in February 2021. Lugo

---

[1]    Pl.'s Notice of Mot. and Mot. to Remand this Action to California Superior Ct., County of Orange; Mem. of P. & A. in Supp. Thereof (the "Motion") [ECF No. 13].

[2]    The Court considered the following papers: (1) Def.'s Notice of Removal of Action Under 28 U.S.C. § 1441(b) Diversity and Demand for Jury Trial (the "Removal Notice") [ECF No. 1]; (2) the Motion (including its attachments); (3) Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 15]; and (4) Pl.'s Reply to the Opposition (the "Reply") [ECF No. 16].

allegedly visited a Costco store in Fullerton, California, where she slipped and fell on some clam chowder that had been spilled on the floor.[3]

Lugo filed her initial complaint in Orange County Superior Court in December 2021.[4] Six months later, in June 2022,[5] Lugo dismissed her claims against Defendant Pedro Molera, a Costco employee.[6] Costco then removed the case to this Court on July 20.[7] Five days later, Lugo filed the instant Motion to remand.[8] The matter is fully briefed.

### B.  Legal Standard

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

A defendant may remove civil actions in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008). Regarding the amount in controversy, a defendant's notice of removal needs only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). At that time, it "need not contain evidentiary submissions." *Id*. at 84. "Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 89.

---

[3]   Motion 2:22-27.

[4]   *See* Removal Notice, Ex. A (the "Complaint") [ECF No. 1-2].

[5]   Hereinafter, all dates are in 2022 unless otherwise noted.

[6]   Removal Notice ¶ 8; *see also id*., Ex. D [ECF No. 1-5].

[7]   *See generally* Removal Notice.

[8]   *See generally* Motion.

A motion to remand constitutes such a challenge.  *See* 14A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702.2 (4th ed. 2022).  Upon such a challenge, the removing defendant "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Although the defendant cannot speculate, the "burden is not daunting, and a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages."  *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) (internal quotations omitted).  If the defendant meets that burden, then the burden shifts to the plaintiff, who must "show, as a matter of law, that it is certain he will not recover the jurisdictional amount."  *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *accord* Wright & Miller § 3702.

### C. Discussion

Costco avers that it is a Washington corporation with its primary place of business there.[9]  Costco also alleges, on information and belief, that Lugo is a citizen of California.[10]  Lugo does not dispute either allegation,[11] so the Court finds that there is complete diversity of citizenship.  *See* 28 U.S.C. § 1332(a)(1).

Rather, the thrust of Lugo's challenge to the Court's subject matter jurisdiction centers around the amount in controversy.[12]  Lugo argues that removal was improper because there was no basis for subject matter jurisdiction "on the face of the complaint."[13]  True, in her Complaint, Lugo does not quantify the damages that she seeks.  At most, Lugo indicates that the amount in controversy is ***at least*** $25,000, since she ticked the particular box on her state court pleading form indicating that the case is an unlimited civil case.[14]

---

[9]   Removal Notice ¶ 6.

[10]   *Id.* at ¶ 7.

[11]   *See generally* Motion; Reply.

[12]   Motion 4:14-5:28.

[13]   *Id.* at 2:19-21.

[14]   *See* Complaint 1.

In response, Costco points to a letter that Lugo transmitted to Costco, dated June 30, in which she demands $350,000 to settle the case.[15] Since Lugo does not dispute that her counsel sent that letter on her behalf, the Court finds that Costco has satisfied its burden to show, by a preponderance of the evidence, that the amount in controversy here exceeds the statutory minimum.

Lugo now tries to downplay that Demand Letter,[16] but her efforts are unavailing. Even if Lugo is willing to settle for an amount less than $350,000, it was she who put that number into play. Costco then timely removed the case, after it received that demand. Trying to take it back now is too little, too late. What matters is that Costco has demonstrated that removal was proper "at the time" that it removed the case. *Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 871 (9th Cir. 2004).

Furthermore, recharacterizing the Demand Letter as "unverified" is immaterial,[17] unless and until Lugo is willing affirmatively to ***stipulate*** that the true amount in controversy is less than $75,000 or Lugo can otherwise prove the same to a "legal certainty." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Until then, the Court concludes that it possesses subject matter jurisdiction over this case.

For the foregoing reasons, the Lugo's Motion is **DENIED**.

**IT IS SO ORDERED.**

---

[15] *See* Removal Notice, Ex. E (the "Demand Letter") [ECF No. 1-6] at 4.

[16] *See, e.g.*, Motion 4:25-5:12.

[17] *Id.* at 4:28.